# EXHIBIT A

Filed for Record
3/31/2021 10:44 AM
Rhonda Barchak, District Clerk
Brazoria County, Texas
112165-CV
Cathy Richard, Deputy

CAUSE NO. 112165-CV

| | | |
|---|---|---|
| DWIGHT BERRY | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |
| | § | |
| Defendant | § | BRAZORIA COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiff Dwight Berry ("Plaintiff") files this lawsuit complaining of Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") and in support thereof respectfully shows the Court as follows:

**I.
DISCOVERY LEVEL**

1. Plaintiff requests discovery be conducted under Level 2 of the Texas Rule of Civil Procedure and affirmatively pleads that he seeks monetary relief over $250,000 but not more than $1,000,000.

**II.
PARTIES**

2. Plaintiff, Dwight Berry, is a resident of Brazoria County, Texas.

3. Defendant, Home Depot U.S.A., Inc., is a Delaware corporation doing business in the State of Texas. Defendant may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

1

## III.
## VENUE

4. Venue is proper and maintainable in Brazoria County, Texas because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

## IV.
## JURISDICTION

5. The Court has jurisdiction over Defendant because it has either done business in Texas, committed a tort in Texas, and/or has had continuous contacts with Texas. This Court has jurisdiction over this case as the amount in controversy is within the Court's jurisdictional limits.

## V.
## FACTS

6. On April 16, 2019, Dwight Berry was severely injured while working in the course and scope of his employment for Defendant in Texas. Defendant is a nonsubscriber to the Texas Workers Compensation System.

7. Mr. Berry was injured while unloading merchandise from a truck at the Home Depot Dock at the Pearland store. Specifically, merchandise had fallen in the back of the truck that was being unloaded which prevented the dock ramp from being lowered completely. This was a common occurrence which resulted in the employees unloading some of the merchandise while stepping over a gap between the truck and the loading dock until such time as the ramp could be completely lowered. As Mr. Berry was moving the merchandise he stepped into the crack and twisted his ankle resulting in torn ligaments and surgery.

8. As a result of the incident, Mr. Berry suffered severe physical injuries and damages. He continues to suffer from physical pain, mental anguish, and disfigurement as a result of the incident.

## VI.
## NEGLIGENCE

9. Home Depot owed Mr. Berry certain non-delegable legal duties, including but not limited to, providing a safe place to work and providing appropriate training and warnings. By failing to exercise the degree of care that would be exercised by a person of ordinary prudence, Home Depot breached one or more common law duties. Home Depot's negligence was the proximate cause of Mr. Berry's past, present, and future damages. Mr. Berry will show that Defendant was negligent in one or more of the following respects:

    a. In failing to exercise ordinary care;

    b. In failing to provide a safe place to work;

    c. In failing to provide proper safety training;

    d. In failing to follow OSHA regulations;

    e. In failing to have an adequate accident prevention policy;

    f. In failing to properly train, supervise, and educate its employees;

    g. In failing to have a qualified safety supervisor on site at the time of the incident;

    h. In failing to use safe and proper equipment to perform the job;

    i. In failing to adequately staff the job and provide assistance to Mr. Berry.

10. Each of the foregoing acts and omissions constitute negligence, negligence per se, and/or gross negligence, as a result of which Mr. Berry suffered injuries and damages.

## VII.
## DAMAGES

11. As a result of Defendant's conduct, Plaintiff has incurred medical bills and suffered personal injuries. Plaintiff pleads for all legally recoverable damages, as established by the evidence.

## VIII.
## PRAYER

Wherefore, premises considered, Plaintiff prays that Defendant be cited to appear, answer herein and that upon trial hereof, Plaintiff recovers judgment from Defendant as follows:

(1) Judgment against Defendant for actual and compensatory damages in excess of the minimum jurisdictional limits of this Court;

(2) Pre-judgment interest and post-judgment interest at the maximum rate provided by law;

(3) Reasonable costs of court; and

(4) Such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,
**Hildebrand & Wilson, LLP**

*/s/ Robert W. Hildebrand*
Robert W. Hildebrand
State Bar No: 24041099
robert@hw-lawfirm.com
J. Daniel Wilson
State Bar No: 24066298
dan@hw-lawfirm.com
7930 Broadway, Suite 122
Pearland, Texas 77581
Telephone:   281.557.6406
Facsimile:    281.557.6408
**Attorneys for Plaintiff**

4